IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. STEWART (TDCJ No. 571499), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-3306-C-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Thomas Stewart, a Texas inmate, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings.

Respondent Lorie Davis moves to dismiss the application as barred by the statute of limitations. *See* Dkt. Nos. 17 & 18. And Stewart has filed a court-ordered response to the motion. *See* Dkt. No. 22.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should grant the motion to dismiss and dismiss Stewart's habeas petition as time-barred.

**Applicable Background**

Stewart's habeas petition collaterally attacks his July 10, 2014 conviction for possession of a controlled substance, which resulted in a sentence of three years of imprisonment. *See State v. Stewart*, No. 39171CR (40th Jud. Dist. Ct., Ellis Cty., Tex.) [Dkt. No. 18-3]. Stewart's direct appeal was dismissed based on his waiver of his right to appeal. *See Stewart v. State*, No. 10-14-00214-CR, 2014 WL 3800374 (Tex. App. – Waco July 31, 2014). And the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review ("PDR"). *See Stewart v. State*, PD-1288-14 (Tex. Crim. App. Nov. 19, 2014) [Dkt. Nos. 18-7 & 18-8].

The CCA also denied his state habeas application without written order on findings of the trial court without hearing. *See Ex parte Stewart*, WR-26,727-05 (Tex. Crim. App. Nov. 18, 2015) [Dkt. No. 18-9]. That application [Dkt. No. 18-11 at 61-78] was filed no sooner than June 24, 2015, the date on which Stewart signed it, *see id.* at 77, 78.

And Stewart filed his federal habeas action in this Court no sooner than November 10, 2016, the date on which he signed the Section 2254 petition. *See* Dkt. No. 2 at 22.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the

latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the

Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Because Stewart did not petition the Supreme Court for certiorari review, his state criminal judgment became final for purposes of the AEDPA on February 17, 2015 – 90 days after the CCA refused his PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (observing that, if a petitioner halts the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows 90 days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.

Although the resulting deadline to file a Section 2254 application under Section 2244(d)(1)(A) – one year from February 17, 2015 – was tolled during the pendency of Stewart's state habeas petition (filed on June 24, 2015 and denied on November 18, 2015), *see* 28 U.S.C. § 2244(d)(2), his filing of this action on November 10, 2016 is still too late by more than 140 days. Accordingly, Stewart's federal habeas application is untimely unless equitable tolling or actual innocence applies.

Stewart has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307. Nor has he established actual – factual – innocence by coming forward with new and reliable evidence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316; *see, e.g.,* Dkt. No. 22 (Stewart's response to the motion to dismiss).

For these reasons, the Section 2254 application is time-barred. Thus, Respondent's motion to dismiss should be granted.

## Recommendation

The Court should grant Respondent's motion to dismiss [Dkt. No. 17] and dismiss this action as time-barred

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE